

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT H. JACKSON,                              )
                                                )
LIFE FIRST, Inc., an Illinois Corporation       )
                                                )

      Plaintiffs,

          v.

UNITED STATES OF AMERICA,                       )
    James Martin, Regional Commissioner,        )
    Dennis Davis, Area Director                 )
    Vela Marshall, District Manager,            )
    and other unknown employees of the Social   )
    Security Administration                      )
                                                )
    Defendants.                                 )

07CV 7216
JUDGE DARRAH
MAGISTRATE JUDGE ASHMAN

FILED

DEC 2 6 2007   NF

DEC 26 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

COMPLAINT FOR DAMAGES AND
COMPLAINT FOR INJUNCTIVE RELIEF
AND DECLARATORY JUDGMENT

1      Plaintiffs, Robert H. Jackson and Life First, Inc. a registered 501 (c) 3, Illinois Corporation,

(plaintiffs) hereby file their complaint for damages  and complaint for Injunctive Relief and

Declaratory Judgment against the defendants, the United States of America, James Martin,

Regional Director, Dennis Davis, Area Director, and Vela Marshall, District Manager, and other

unknown employees of the Social Security Administration, individually and collectively .

2      Plaintiffs seek injunctive relief to prevent the defendants from interfering with the plaintiffs'

business expectancies and their contractual relationships with their clients.

3      Plaintiffs seek declaratory judgment relief to establish that they have no obligation due and

owing to the defendants in the amount of $259,090.00 (exhibit a) arising from the collections and

disbursements of social security benefits and entitlements entrusted to them as representative payees under the Social Security Act.

4       Plaintiff, Robert H. Jackson, individually and as associated with Life First, Inc. a registered 501 (c) 3, Illinois Corporation, (plaintiffs) hereby complains for damages against and sues the United States of America, James Martin, Regional Director, Dennis Davis, Area Director, and Vela Marshall, District Manager, and other unknown employees of the Social Security Administration, individually and collectively (defendants) as follows to the best of his knowledge, information and belief formed after an inquiry reasonable under the circumstances, the defendants engaged in tortious interference with plaintiffs' business expectancy and , the defendants engaged in tortious interference with plaintiffs' contracts to serve their clients as representative payee.

5       The plaintiffs have accrued loss of income as a result of the actions of individual defendants and the Social Security Administration and its employees in excess of Two Hundred Fifty Thousand Dollars ($250,000.00).

## JURISDICTION

6       Jurisdiction under 28 U.S.C. § 1331, federal question jurisdiction, and § 2201, Declaratory Judgment Act is claimed. The plaintiffs, an Illinois resident and an Illinois Corporation, have exhausted all administrative remedies afforded them and denied them by the Social Security Administration.

7       Plaintiffs assert the Social Security Administration, on or about December 23, 2005 entered a decision, which adversely affects them, asserting " in a December 23, 2005 determination we have found that you misused funds as a representative payee". (exhibit a)

8       The Social Security Administration asserts this determination is not appealable. (exhibit b)

9       The plaintiffs sought to file an administrative claim, and it was left without action by the agency for more than six months.

10      Business expectancies are property to be protected from unjustified interference. The 5th Amendment of the United States Constitution protects the individual from deprivation of life, liberty or property without due process of law.

11      The plaintiffs assert that jurisdiction additionally derives under the Federal Tort Claims Act (FTCA) 28 U.S.C. § 1346 (b), arising from the wrongful act or omission of employees of the Social Security Administration, in that at all times: the SSA knew, and was on notice of the fact that the plaintiffs' business was being extinguished, and by repeated correspondence to the SSA, it was informed. The SSA merely responded to indicate there was no right to appeal.  Those numerous letters and subsequent claim filed has given the SSA all the information and data necessary under the FTCA. The plaintiffs have filed a claim with the SSA to recover damages in the amount of Two Hundred Fifty Thousand dollars ($250,000.00). Plaintiffs' pursuit of administrative relief under the Social Security Act would be futile since the agency has predetermined that the plaintiffs have no right to appeal.

12      The plaintiffs do not claim benefits under the Social Security Act, and have no statutory review process available to them to challenge the legality of the actions of the Social Security Administration.

## PARTIES

13      Plaintiff, Robert H. Jackson is a United States citizen and a resident of Cook County, Illinois.

14      Mr. Jackson provides advocacy services in the arena of Social Security benefits and entitlements; he works with public aid recipients; he counsels victims of domestic violence; he

3

advocates on behalf of the homeless; he serves as an ancillary representative in child support issues; and he works on behalf of certain incarcerated individuals.

15      Plaintiff, Life First, Inc. is a registered Illinois 501 (c) 3 corporation, and at all times pertinent and relevant to this complaint was so registered in good standing, doing business in the State of Illinois.

16      Plaintiff, Life First, Inc., served as the agency, which provided ongoing services for its client base. The clients were drug abuse and alcohol dependent persons, persons suffering with mental health and physical disabilities and receiving Social Security disability entitlements

17      Plaintiff, Robert H. Jackson, at all times pertinent to the complaint served as principal of Life First, Inc., a representative payee under the provisions of the Social Security Act § 807 [42 U.S.C. 1007].

18      Plaintiff, Life First, Inc., at all times pertinent to this complaint, was a designated representative payee and served as the supervising agency for the administration responsibilities and requirements of the representative payee, as delineated under the provisions of the Social Security Act § 807 [42 U.S.C. 1007].

19      The Social Security Administration is a governmental entity. The individually named defendants, James Martin, Dennis Davis and Vela Marshall and other unknown individuals are employees of the Social Security Administration, acting in their official capacities.

## STATEMENT OF FACTS

20      The Social Security Act at § 807 [42 U.S.C. 1007], in its pertinent parts as it appertains to this complaint provides:

...In General.—If the Commissioner of Social Security determines that the interest of any qualified individual under this title would be served thereby, payment of the qualified individual's benefit under this title may be made, regardless of the legal competency or incompetence of the qualified individual, either directly to the qualified individual, or for his or her use and benefit, to another person (the meaning of which term, for

4

purposes of this section, includes an organization) with respect to whom the requirements of subsection (b) have been met (in this section referred to as the qualified individual's "representative payee"). If the Commissioner of Social Security determines that a representative payee has misused any benefit paid to the representative payee pursuant to this section, section 205(j), or section 1631(a)(2), the Commissioner of Social Security shall promptly revoke the person's designation as the qualified individual's representative payee under this subsection, and shall make payment to an alternative representative payee or, if the interest of the qualified individual under this title would be served thereby, to the qualified individual.

21      Plaintiff, Robert H. Jackson, on December 8, 2005 and for more than 5 years preceding,

was principal of Life First, Inc., the designated representative payee for 80 + individual clients .

22      Plaintiff, Life First, Inc. was de-certified as *bona fide* representative payees by actions of

Social Security Administration employees, including, but not limited to James Martin, Regional

Director, Dennis Davis, Area Director, and Vela Marshall, District Manager, and other unknown

employees of the Social Security Administration, individually and collectively (defendants).

23      The administrative procedures of the Social Security Administration, as it applies to the de-

certification of a representative payee, Social Security Act § 807 [42 U.S.C. 1007] *does not* provide

for a process of administrative revue of the agencies actions in the de-certification of a

representative payee. In this case, all correspondence from the agency advised the plaintiffs that

redress of agency decisions could be reviewed. All attempts by the plaintiffs to schedule a hearing

for review were ignored or denied. (exhibit a, letter of December 23, 2005 & exhibit b, letter of

February 14, 2006 )

24      The SSA caused repeated confusion by issuing form letters which were not relevant to the

claim of the plaintiffs, where in their pertinent parts the letters indicated a procedural appeal

process captioned " If you disagree with the decision" (exhibit a).

25      Plaintiffs entered into representation contracts and agreements with all of their clients, with

the knowledge of the SSA.

26      The SSA, acting upon the contractual agreements between the plaintiffs and their clients,

forwarded all benefit entitlement checks to the plaintiffs on behalf of the clients.

27      In September, 2005, the Social Security Administration authorized the performance of a
routine and periodic interview and audit of Life First, Inc. Thereafter the SSA notified Life First, Inc.
they were not in compliance with SSA guidelines.  They allege, *inter alia,* that there had been a
misappropriation of client funds in the amount of $259,090.00.

28      Life First, Inc. at all times maintained a separate client account for the deposit and
disbursement of checks to beneficiaries.

29      The client account was a non-interest bearing account administered through Access Credit
Union, noted as Life First Client Funds Account. The name of Robert H. Jackson was used for
mailing purposes.

30      All fees charged the clients were consistent with the SSA guideline range of $33.00 -
$64.00 per month, depending on the classification of the client.

31      Plaintiff, Robert H. Jackson as associated with Life First, Inc., maintained compliance with
the requirements of the SSA as the principal of a *bona fide* representative payee.

32      Plaintiff, Life First, Inc., at all times pertinent to this complaint maintained all required
licenses, certificates and accounts required by the SSA as a representative payee.

33      Pursuant to notice of deficiencies an appeal hearing of the audit determination was held on
December 8, 2005.  At this hearing Mr. Jackson and Life First, Inc. were able to provide the SSA
with detailed compliance with the deficiencies alleged. Vela Marshall chaired this meeting in her
capacity as SSA District Manager for the office at 5130 W. North Avenue, Chicago, Illinois.

34      Prior to the appeal hearing, and continuing through early 2006, the SSA notified all of the
plaintiffs' clients *via* U.S. mail and /or in person that neither Life First, Inc. nor Robert H. Jackson
would be permitted to represent their interest.  This denial of elected representation was inclusive
of clients who expressed their preference for ongoing representative payee representation through
Life First, Inc.

6

35     Life First, Inc. was effectively de-certified as a representative payee *without notice and without recourse*

36     Inherent in this process is the denial of due process.

37     Dennis Davis, in his capacity as Area Director with SSA, refused to meet with the plaintiffs pursuant to repeated efforts to review the determination of December 23, 2005.

38     James Martin, in his capacity as Regional Commissioner with SSA in February, 2006 refused to meet with plaintiffs in their ongoing and diligent efforts to seek review of the December 23, 2005 determination, and further indicated that the plaintiffs were de-certified.

39     James Martin, in his capacity as Regional Commissioner with SSA advised the plaintiffs that there was no avenue of administrative review available asserting that his determination was "not appealable" (letter of February 14, 2006.)

40     Plaintiffs, assert their right to pursue an occupation or business as their property right.

41     The approval of an individual or agency to act as a representative payee by the Social Security Administration establishes a business relationship with an expectancy.

42     At all times relevant and pertinent to this complaint the SSA approved and accepted the client application for the appointment of Life First, Inc. as the registered representative payee.

## COUNT ONE

## DECLARATORY JUDGMENT

43     Plaintiff incorporates paragraphs 1-42.

44     This Count is brought against the defendants pursuant to the Declaratory Judgment Act,

28 U.S.C. § 2201, which in its pertinent parts as it appertains to this actions provides

Sec. 2201. Creation of remedy… In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930), as determined by the administering authority, any

court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be review able as such.

45      There is an actual controversy between the plaintiffs and the defendant with respect to whether or not the plaintiffs have misappropriated $259,090.00 in social security entitlements and benefits issued to the plaintiff, Life First, Inc. in its capacity as a representative payee.

46      Plaintiff seeks Declaratory Judgment that plaintiffs are not liable for the $259,090.00 alleged by the defendants. The defendants have threatened to take action against plaintiff to recover $259,090.00, and harassed the plaintiff. Their action was arbitrary and capricious and beyond their jurisdiction and not based on fact.

47      Plaintiff Robert H. Jackson, as associated with Life First, Inc. has never misappropriated funds distributed to Life First, Inc. as representative payee by the SSA. Plaintiffs have provided the SSA all requested and required documents necessary to show the distribution of funds. The SSA has ignored all proofs provided by the plaintiffs.

48      The effort of the SSA to collect monies from plaintiffs is a summary conclusion and an arbitrarily unsubstantiated attempt to collect monies where none are due. Life First, Inc. has properly administered all funds entrusted for distribution to its 80 + clients, without controversy or claims of any malfeasance or misfeasance on the part of Life First, Inc. or Mr. Robert H. Jackson.

49      Life First, Inc has never been the subject of any admonishments or reviews where they were told they needed to be a community based, nonprofit social service agency, as determined by the Internal Revenue Service. In fact: Life First, Inc. is a recognized 501 ( c ) 3 corporation recognized by the Internal Revenue Service; Certified by the State of Illinois ; and bonded and insured by CNA Insurance .

50      Referencing exhibit c, the SSA Area Director, Dennis Davis, made it crystal clear that Life First, Inc./Life First House was an authorized representative payee.

51      Life First, Inc. under the direction of Mr. Robert H. Jackson meets **all** of the requirements that could otherwise be used to exclude him.

### PRAYER FOR RELIEF

Wherefore the Plaintiffs pray this Court enter a Declaratory Judgment that the plaintiffs do not owe the Social Security Administration $259,090.00.

### COUNT TWO

### VIOLATION OF DUE PROCESS

### DEPRIVATION OF PROPERTY

52      Plaintiff incorporates previous count above.

53      This Count is brought against the defendants alleging that the defendants violated due process in de-certifying the plaintiffs as representative payees.

54      Defendants have acted without a scintilla of evidence to arbitrarily and capriciously destroy plaintiff's property right to pursue his business. United States Constitution protects the individual (s) from deprivation of life, liberty or property without due process of law.

55      Defendants have denied the plaintiffs of their property right to pursue to their business and their business expectancies.

56      Defendants audited the plaintiffs, and deemed the plaintiffs were deficient in their ability to produce certain documents.

57      Defendants notified the plaintiffs of the perceived deficiencies.

58      Plaintiffs met with the defendants and provided them all required documents in compliance with the requests of the defendants.

9

59      Defendants arbitrarily and capriciously *ignored* all correspondence from the plaintiffs regarding compliance with defendants' requests to produce.

60      Life First, Inc. served as a *bona fide* representative payee, and was de-certified without notice, hearing or even the semblance of due process.

61      On February 14, 2006 defendants notified the Attorney for the plaintiffs that they were de-certified and this was a non-appealable determination by the defendants.

## PRAYER FOR RELIEF

Wherefore the Plaintiffs pray this Court enter a final judgment in favor of the plaintiffs finding defendants violated the due process rights of the plaintiffs in their determination and de-certification of the plaintiffs as representative payees.

## COUNT THREE

## INJUNCTIVE RELIEF

## VIOLATION OF DUE PROCESS

62      Plaintiff incorporates all previously pled counts.

63      This Count is brought against the defendants seeking injunctive relief to prevent the continuing violations of rights of the plaintiffs to pursue their business rights and to prevent the plaintiffs from interfering with the plaintiffs contractual relationships with their clients consistent with the protections of the Fifth and Fourteenth Amendments of the United States Constitution

64      Plaintiffs have no adequate remedy available to them under the Social Security Act and will continue to suffer irreparable harm if an injunction is not entered against the defendants enjoining them from violating the rights of the plaintiffs to pursue the business and contractual rights to their property rights.

65     The balancing of the equities and harms between the parties favors entering injunctive relief for the plaintiffs.

## PRAYER FOR RELIEF

Wherefore the Plaintiffs pray this Court enter a final judgment in favor of the plaintiffs granting an Injunction preventing the defendants from interfering with the plaintiffs rights to pursue the legitimate business rights and expectancies, and Injunctive relief preventing the defendants from interfering with the plaintiffs contractual relationship with their clients, in the pursuit of their legitimate business expectancies.

## COUNT FOUR

## TORTIOUS INTERFERENCE WITH BUSINESS

## RELATIONSHIPS AND PROSPECTIVE EXPECTANCIES

66     Plaintiffs incorporate all previously pled counts.

67     Plaintiffs, assert that the SSA wrongfully and knowingly engaged in tortious interference with their business relationship with his clients and destroyed his business.

68     At all times pertinent to this complaint plaintiffs established and maintained a contractual and business relationship and expectancy with the clients, registered with the SSA.

69     At all times pertinent to this complaint the SSA was aware of the existence of a contractual business relationship between the plaintiffs and the clients. The SSA intentionally and wrongfully acted to tortiously and unjustifiably interfere with the plaintiffs' relationship and expectancy with the clients. As a result, the SSA has jeopardized plaintiffs' relationship with the clients

70     James Martin, Regional Commissioner, on February 14, 2006, in his letter on behalf of the SSA admits the tortiuous actions of the agency: "*We understand this decision creates some confusion among some of Mr. Jackson's clients.*" (exhibit b)

11

71      The plaintiffs suffered damages in excess of Two Hundred Fifty Thousand Dollars ($250,000.00) as a result of the defendants' interference with their contractual and business relationships and expectancies.

72      Robert H. Jackson, doing business through Life First, Inc., an Illinois  501 ( c ) 3, Corporation, provides a counseling and advocacy services for his client base who are drug abuse and alcohol dependent persons. His clients also include a select group who are HIV/AIDS diagnosed. This group qualifies for specific social security benefits and entitlements.

73      Mr. Jackson is actively engaged in providing his client base social agency services, including mental health, drug abuse and alcohol treatment. He also is active as an advocate for his clients who apply for social security benefit and entitlement programs.

74      Until December, 2005, Mr. Jackson represented  80 + clients as a principal for Life First, Inc. as representative payee for their social security benefits.

75      Mr. Jackson and as associated with Life First, Inc. provides advocacy services in the arena of Social Security benefits and entitlements; he works with Public aid recipients; he counsels victims of Domestic Violence; he advocates on behalf of the homeless; he serves as an ancillary representative in child support issues; and he works on behalf of certain incarcerated individuals.

76      In September, 2005, the SSA authorized the performance of a routine and periodic interview and audit of Life First, Inc. Thereafter the SSA notified him he was not in compliance with their guidelines. They allege that he has misappropriated client funds, in the amount of $259,090.00 (exhibit a)

77      Mr. Jackson as associated with Life First, Inc. followed the administrative procedures outlined by the SSA to maintain the agencies good standing as a representative payee. Inherent in this process is *process.*

12

78      Pursuant to a regular audit an appeal hearing of the audits conclusion was held. A hearing was held on or about December 8, 2005. At this meeting a comprehensive showing was made of compliance by Life First, Inc. with all of the detailed deficiencies deemed by the audit. Vela Marshall chaired this meeting in her capacity as SSA District Manager for office at 5130 W. North Avenue, Chicago, Illinois.

79      Prior to the audit appeal hearing and beginning in November 2005 and continuing through 2006 the SSA sent notified all of Mr. Jackson's clients that Life First, Inc. could no longer serve as their representative payee, including those circumstances where the clients indicated their preference for Robert H. Jackson and Life First, Inc. to continue to serve as their representative payee.

80      Life First, Inc. was decertified as representative payees, *without notice and without recourse*.

81      Inherent in this process is *denial of due process.*

82      All compliance certifications and client accountings had been tendered to Vela Marshall.

83      Life First, Inc. Mr. Jackson, at all times has maintained a separate client account for the deposit and disbursement of client funds.  Mr. Jackson asserts that a forensic accounting would show that there was no mismanagement of funds.

84      The client account was a non-interest bearing account administered through Access Credit Union, noted as Life First Client Funds Account.

85      All fees charged were consistent with the SSA guidelines, which allow for fees in the range of $33.00 - $64.00 per month depending on the classification of the client.

## PRAYER FOR RELIEF

Wherefore the Plaintiffs pray this Court enter a final judgment in favor of the plaintiffs, in the amount of Two Hundred Fifty Thousand dollars ($250,000.00) Robert H. Jackson and Life First,

Inc. and against the defendants, singularly and collectively for the damages sustained, and such other relief, in accordance with applicable law.

## COUNT FIVE

## TORTIOUS INTERFERENCE WITH CONTRACTUAL

### RELATIONSHIPS AND EXPECTANCIES

86      Plaintiffs incorporate all previously pled counts above.

87      Plaintiffs assert that the SSA wrongfully and knowingly engaged in tortious interference with their business contractual relationship with their clients and destroyed their business.

88      Life First, Inc. contracts with the clients to provide a myriad of social services for which they pay a monthly fee consistent with the SSA guidelines, which allow for fees in the range of $33.00 - $64.00 per month depending on the classification of the client.

89      The accrued contractual expectancy resulting from the SSA's tortious interference, to date-and as claimed by the plaintiffs from the SSA exceeds Two Hundred Fifty Thousand Dollars ($250,000.00).

90      Dennis Davis, Area Director with SSA refused to meet with the plaintiffs in their attempt to pursue administrative review of the December 23, 2005 determination. Dennis Davis had access to all materials tendered the SSA

91      James Martin, Regional Commissioner for the SSA, in February of 2006 refused to meet with plaintiffs in their pursuit of administrative review of the actions taken by the agency and further had all access to all materials submitted to the SSA in satisfaction of the plaintiffs compliance with the requirements of representative payee certification.

92      Plaintiffs were required to be listed and registered with SSA for all clients for whom they acted as representative payees, and the SSA maintained all registrations.

14

93      Monthly benefit and or entitlement checks were sent to the representative payee on behalf of the clients. The SSA maintained and had exclusive access to this registry of the plaintiffs' clients and their disbursements.

94      The administrative procedures of the SSA, as it applies to the de-certification of a representative payee does not provide for a process to administratively revue the agencies actions. In this instance, all correspondence from the agency implies that redress of agency decisions can be reviewed, but all attempts by the plaintiffs to schedule a hearing for review were ignored and never addressed or eventually denied.

95      Robert H. Jackson and Life First, Inc. have been irreparably harmed and continue to be damaged by defendants' intentional and wrongful interference with his business and contractual relationships.

PRAYER FOR RELIEF

Wherefore the Plaintiffs pray this Court enter a final judgment in favor of the plaintiffs, in the amount of Two Hundred Fifty Thousand dollars ($250,000.00) Robert H. Jackson and Life First, Inc. and against the defendants, singularly and collectively for the damages sustained, and such other relief, in accordance with applicable law.

Leslie J. Starks -
Attorney at Law
Illinois Attorney Registration 03126420
1516 East 65th Place #2
Chicago, Illinois 60637-3847
773- 955-4881 – Voice
773- 955-4885 – Facsimile
StarksEsq @ aol.com – E-mail
Attorney for Robert H. Jackson

15

# Social Security Administration
# Retirement, Survivors and Disability Insurance

Social Security Regional Office
P.O Box 8280
CHICAGO, IL 60680-8280

December 23, 2005

ROBERT H. JACKSON
P. O. Box 87301
CHICAGO IL 60680-0301

This notice revises the letter that we sent to you dated November 15, 2005, based on information you provided. We are writing to let you know that you will have to return at least $259,090 of the Social Security and Supplemental Security money we sent you as representative payee for the individual(s) shown on the enclosed list. We determined that you did not use this money as you agreed. For that reason, you must pay us back. The following gives you more information about our determination.

### How We Reached Our Decision

You have stated that you have began charging most of your clients a fee of $64 per month in 2005. Prior to this, you charged $50 per month. However, your organization is not authorized to charge a fee. You have been told during prior reviews and in numerous conversations with various SSA officials that, in order to charge a fee, an organization must be a community based, nonprofit social service agency or organization as determined by the Internal Revenue Service, which is bonded and licensed in the state in which you serve as representative payee. In addition, before your organization can collect a fee for representative payee services, you must request authorization in writing from SSA and that request must be approved. Your organization does not meet any of these requirements.

You have previously been instructed to stop charging fees and to repay any fees that you have charged. You have not followed these instructions. You continue to charge fees in excess of what would be allowed even if you were authorized.

In addition, you failed to account for these fees. A review of several payee accounting reports completed by you or your staff indicate that all funds that you received were used for food, rent or other things for the beneficiary such as clothing, medical costs and personal items. The fees were not included in the reports.

We are therefore determining that all fees that you have collected contrary to SSA regulations are misused funds. A list of beneficiaries that you charged $50 from 11/2002 through 12/2004, and/or $64 from 1/2005 on is attached. The list gives beneficiaries social security numbers, the date you were selected to be payee, and the date you stopped being payee, where applicable, ending with 10/2005. We assumed that you charged the fee once, even if the person received

**See Next Page**

Plaintiff's Exhibit A

more than one check. We also assumed you only charged fees for full months that you served as representative payee. The total amount you charged in unauthorized fees is $96,296.

- In addition, the records that you provided showing Payee Spending are insufficient for SSA to determine if you have handled other funds appropriately. As a result of previous reviews of Life First and other organizations, you have been instructed that it was expected that you be able to produce bank statements and individual records showing each client's receipts and expenses. The expenses should be substantiated with documentation such as cancelled checks, rent receipts, grocery receipts and receipts for cash signed by the clients. These are very basic expectations and minimal requirements for individuals who serve as representative payees.

Nonetheless, in her review, a professional accountant found the following deficiencies:

- Life First does not utilize any accounting system (manual or automated) to account for beneficiaries' financial activity.

- Subsidiary ledgers were not maintained for each beneficiary. As a result, we were not able to identify beneficiaries' balances at any given point of time.

- No supporting document was provided for disbursements made on behalf of beneficiaries.

- Bank reconciliations were not performed.

- Several instances where transfers totaling $162,794 were made from the beneficiaries' collective checking account were noted. Management was not able to provide any supporting documentation or explanation for the basis of those transfers.

- The collective account is not properly titled. The title of the account is "Robert Jackson."

Since you could not account for or provide supporting documentation for these transfers, we have determined that this is an additional $162,794 in misused funds.

## How To Pay Us Back

There are two ways you can pay us back.

- You can send us a check or money order for the full amount you owe us. Make your check or money order out to the Social Security Administration. Please use the enclosed envelope to mail your check or money order to us.

- If you cannot send the full amount now, send as much as you can. Then contact any Social Security office. You can pay the rest of the money you owe by making monthly payments.

If you do not pay us back, the law allows us to use our debt collection tools, such as benefit adjustment, wage garnishment, and credit bureau reporting to collect the misused amount from you.

## If You Disagree With The Decision

Please tell us within 30 days of the date of this letter if you disagree with the determination that you did not use the money as you agreed. You will also need to give us any proof showing that the benefits were used properly. We will review the evidence to see if you are right. We will notify you of our decision.

If we do not hear from you within 30 days and have not received the refund, we will contact you about our plans to recover the funds.

## If You Have Any Questions

If you have any questions, you may call us toll-free at 1-800-772-1213 or call your local Social Security Office at 866-358-3531. We can answer most questions over the phone. You can also write or visit any Social Security office. The office that serves your area is located at: 5130 W North Ave, Chicago IL.

If you do call or visit an office, please have this letter with you. It will help us answer your questions. Also, if you plan to visit an office, you may call ahead to make an appointment. This will help us serve you more quickly when you arrive at the office.

James F. Martin
Regional Commissioner



**Social Security Administration**                           **Chicago Region**

Refer to:  SSN                          600 West Madison
                                        Chicago, Illinois 60661

                                        February 14, 2006

Mr. Leslie J. Starks
1516 East 65th Place, #2
Chicago, IL  60637-3847

Dear Mr. Starks,

This letter is in reply to your letter dated January 21, 2006, regarding Robert H. Jackson/Life First's service as a representative payee for Social Security and Supplemental Security Income benefits. I regret that I am unable to meet with you regarding the issues of this case.

In your letter, you stated you were filing an appeal. The decision to appoint or not appoint an individual to be a representative payee is not appealable. The Social Security Administration has determined that it is not in our beneficiaries' best interest to have Mr. Jackson serve as a representative payee. Our decision is based upon a number of factors, including:

- Reviews conducted by field office staff and a professional accountant that uncovered inadequate bookkeeping practices. Life First could not provide any documentation of receipts or disbursements of funds.
- Recently submitted records and reports indicating Life First has been charging fees without authorization and in excess of the amount that might be allowed if it had been authorized.
- Life First failed to account for these fees. A review of several payee accounting reports previously completed by Mr. Jackson and his staff indicated that all funds received were used for food, rent or other things for the beneficiary such as clothing, medical costs and personal items. The fees were not included in the reports.
- Records indicated that beneficiary funds were deposited in Mr. Jackson's personal bank accounts.

While I am unable to meet with you regarding the issues of this case, you and Mr. Jackson may submit evidence to dispute the misuse determination at a Field Office of your choice at

Plaintiff's Exhibit B

any time. I would suggest that you make an appointment in advance by contacting 1-800-772-1213. Mr. Jackson would need to provide bank statements and individual records showing each client's receipts and expenses. The expenses should be substantiated with documentation such as cancelled checks, rent receipts, grocery receipts and receipts for cash signed by the clients.

We understand this decision creates some confusion among some of Mr. Jackson's clients. We appreciate your assistance and cooperation in easing their transition to direct payment or new payees.

Sincerely,

James F. Martin
Regional Commissioner

cc: Area Director, Area 7
    District Manager, Chicago West



# SOCIAL SECURITY

Office of the Area Director for Metropolitan Chicago
Area VII ADO, 4th Floor
600 W. Madison St.
Chicago, IL 60661

February 24, 2003

Mr. Robert Jackson
C/O Life First/Life First House
PO Box 87301
Chicago, IL. 60680

Mr. Jackson:

In our meeting at the SSA office at 1233 W. Adams in Chicago on February 7, 2003, you asked me to issue to you a "letter of good-standing as a bona fide agency payee representative". This letter is in response to that request.

As you are aware from our previous discussions I have consistently communicated to our Metropolitan Chicago SSA offices that SSA management needs to ensure that their interviewers never refuse to take an application from Life First Inc. or Life First House requesting representative payment for SSA beneficiaries.   I continue to insist on this.

In cases where a beneficiary is incapable of managing their own funds our job is to determine the most suitable representative payee for that beneficiary. My position is and will remain that we cannot do that job satisfactorily unless we secure information from everyone who shows interest in the welfare of the beneficiary, including you as the representative of Life First Inc./ Life First House. Furthermore, if that evidence indicates that Life First Inc./Life First House is the most suitable payee for a given beneficiary, then we should award representative payment to Life First Inc./Life First House.

As you requested I will forward this letter to all offices under my direction.

Sincerely,
Dennis D. Davis
Area Director
Metropolitan Chicago

cc: Leslie J. Starks, Esq.

Plaintiff's Exhibit C