UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT H. JACKSON, and LIFE FIRST, INC., an Illinois Corporation, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, James Martin, Regional Commissioner, Dennis Davis, Area Director, Vela Marshall, District manager, and other unknown employees of the Social Security Administration, )<br>)<br>)<br>)<br>)<br>)<br>)<br>Defendants. ) | No. 07 C 7216<br><br>Judge Darrah |

## **DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

### Introduction

Plaintiffs, Robert Jackson and Life First, Inc., collect social security benefits on behalf of their clients for a fee. They claim the Social Security Administration violated the fifth amendment and, under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), engaged in tortious interference with the contractual and business relationships between plaintiffs and their clients when the SSA revoked Jackson and Life First's status as a "representative payee" such that they could no longer collect social security benefits on behalf of their clients. Their claims should be dismissed because: (1) the plaintiffs have no property interest, subject to the fifth amendment, in the SSA's decision to revoke their payee status; (2) the regulations specifically bar judicial review of the agency's decision to revoke payee status; (3) plaintiffs failed to exhaust their administrative remedies under the Federal Tort Claims Act, and (4) even if they did exhaust their administrative remedies under the FTCA, tortious interference claims are barred under the FTCA.

**Facts**

According to the complaint, Robert Jackson and his business entity, Life First, Inc. (collectively Life First), provide "advocacy services in the arena of Social Security benefits and entitlements" by representing social security beneficiaries by collecting their benefits on their behalf, for a fee. Complaint, ¶ ¶ 14 - 18. Under the Social Security Act, 42 U.S.C. § 1007, the agency may make benefit payments to a representative of a qualified individual who is known as a "representative payee." Since approximately 2000, Life First has been the "designated representative payee for 80 + individual clients." Complaint, ¶ 22.

In September 2005, the SSA audited Life First's accounts and determined that it had misappropriated approximately $259,000 paid to them on behalf of qualified individuals. Complaint, ¶ 27. On December 8, 2005, an administrative hearing was held regarding the SSA's findings during the audit. Complaint, ¶ 33. By letter dated December 23, 2005, SSA notified Life First of its decision following the hearing that it was upholding the audit findings, and informed Life First that it must return the misappropriated funds to the SSA. Complaint, at exhibit A. The SSA further notified Life First by the same letter that it could no longer act as "representative payee" for its clients[1]. Complaint, at exhibit A.

By letter dated January 21, 2006, counsel for Life First sought to file an appeal of the SSA's decision. Complaint, at exhibit B. The SAA responded by letter dated February 14,

---

[1] Specifically, the SSA found that Life First was not authorized to charge its clients a monthly fee for its service, which Life First had been charging. Complaint, at p. 1 of exhibit A. The SSA also determined through the audit that Life First did not use an accounting system to track the financial activity of its clients, subsidiary ledgers were not used, no supporting documents were provided for disbursements made on behalf of the beneficiaries, bank reconciliations were not performed, and other deficiencies. Complaint, at p. 2 of exhibit A.

2006, stating that the decision to revoke Life First's representative payee status was not reviewable. *Id.* On December 26, 2007, Life First filed its district court complaint seeking money damages, and injunctive and declaratory relief.

## Argument

### 1. No Jurisdiction over Decision to Revoke Designated Payee Status.

The regulations are clear that any decision by SSA denying a request to be made a representative payee is "not subject to administrative review" and "not subject to judicial review." 20 C.F.R. § 404.903; 42 U.S.C. § 405(j)(1)(A); *Maldonado*, 182 F. Supp.2d 216 at n. 1. Life First seems to concede this point by stating it has "no statutory review process available to them to challenge the legality of the actions of the Social Security Administration" yet that is exactly what Life First tries to do through the fifth amendment, the FTCA, and its request for a declaratory judgment. Complaint, ¶ 12. Regardless, the court should dismiss Life First's claims because they seek review of the SSA's decision to revoke its representative payee status.

### 2. No Due Process Violation.

Life First tries to skirt the bar on judicial review of the SSA's decision to revoke its payee status by raising its claim under the fifth amendment. "The fifth amendment prohibits the federal government from depriving a person of life, liberty, or property without due process of law." *Caldwell v. Miller*, 790 F2d 589, 602 (7th Cir. 1986). In order to determine whether a violation has occurred the analysis is two part: (1) whether the procedural protections of the Due Process Clause are implicated, and (2) if so, what process is due. *Id.* Furthermore, "[t]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate

3

claim of entitlement to it." *Board of Regents v. Roth*, 408 U.S. 564, 570-71 (1972); *Sena v. Roudebush,* 442 F. Supp. 153 (N.M. 1977).

Here, First Life claims it has a property interest in being designated by the SSA as a representative payee. Complaint, ¶ ¶ 10, 52 - 65. Such a designation does not implicate the fifth amendment because it is the result of a discretionary act by the SSA, and First Life therefore has no property interest in the outcome of the SSA decision to revoke its status. *Huggins v. Isenbarger,* 798 F.2d 203, 205 (7th Cir.1986) *quoting Scott v. Village of Kewaskum*, 786 F.2d 338, 339-40 (7th Cir. 1986); *Dave v. Ashcroft*, 363 F.3d 649, 652-53 (7th Cir. 2004)(as applied to immigration case); *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7 (1979), *citing Board of Regents*, 408 U.S. at 570-71; *Maldonado v. Commissioner of Social Security*, 182 F. Supp. 2d 216 (D. Puerto Rico 2002)(designation is discretionary).

Also, even if Life First had a property interest in the designation, which it does not, any process that was due was provided when the SSA conducted an audit, notified Life First of the audit results, held an administrative hearing, then issued its decisions. Complaint, ¶ ¶ at 27 - 39. That is all the process that the regulations require. *See  Matthews v. Eldridge*, 424 U.S. 319 (1976).

Furthermore, if Life First claims it has a property interest in the claimants' benefits, Life First is wrong because it has only a fiduciary responsibility to those claimants, 42 USC 405(j)(2)(A), and no statutory entitlement to the benefits. *See Goldberg v. Kelly*, 397 U.S. 254, 262 (1970). Regardless, Life First can point to no property or liberty interest that is protected by the fifth amendment when the SSA revoked its designation as a representative payee, and therefore Life First's fifth amendment claims should be dismissed.

### 3. No FTCA Jurisdiction.

As an alternative to the fifth amendment, Life First cites the Federal Tort Claims Act, 28 U.S.C. § 1346(b) ("FTCA"), as a basis for its claims, including its tortious interference[2] with contract and business relation claims, seeking money damages. Complaint, ¶ ¶ 11, 66 - 95. The court lacks jurisdiction over such claims because plaintiffs are required to exhaust their administrative remedies in accordance with 28 U.S.C. § 2675(a) before bringing a district court complaint. *Sullivan v. United States*, 21 F.3d 198, 206 (7th Cir. 1994); *McNeil v. United States*, 508 U.S. 106, 110-111, 113 (1993). Here, neither Jackson nor his company, First Life, Inc. has even presented an administrative tort claim to the SSA, much less exhausted their administrative remedies. Exhibit A, Declaration of John A. Carlo. *See National Transportation Union v. Gateway Western Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996)(Court may consider evidence outside the pleadings in order to determine whether it has subject matter jurisdiction).

Besides, even if Life First exhausted its administrative remedies, which it did not, torts such as tortious interference with contracts and busniess relationships are specifically barred by the FTCA 28 U.S.C. § 2680(h)(referring specifically to claims arising out of misrepresentation, deceit, or interference with contract rights); *Hamrick v. Franklin,* 931 F.2d 1209, 1212 (7th Cir. 1991).

---

[2]  Life First's tortious interference claims are probably not tort claims and instead are contract claims. Complaint, & 62 - 65; *Rardin v. T & D Mach. Handling, Inc.*, 890 F.2d 24, 28 (7th Cir. 1989); *Midwest Knitting Mills, Inc. v. United States*, 950 F.2d 1295, 1300 (7th Cir. 1991). Contract claims can only be heard by the Court of Federal Claims under the Tucker Act, not federal district court. *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *Midwest Knitting Mills, Inc.,* 950 F.2d 1295, 1301 (7th Cir. 1991)(Court of Federal Claims has exclusive jurisdiction over claims against government for contract damages exceeding $10,000).

Also, Life First is barred by the statute of limitations from filing its administrative claim now because it must file such a claim with the agency within two years from the time of the injury. 28 U.S.C. § 2401(b); *Massey v. United States*, 312 F.2d 272, 278 (7th Cir. 2002). According to the complaint, plaintiffs were injured on December 23, 2005, when the SSA "entered a decision which adversely affects" the plaintff's. Complaint, ¶ 7. Therefore, even if Life First submitted its administrative claim to the agency today, the claim would be barred by the statute of limitations.

## Conclusion

For the foregoing reasons, defendants request that the court dismiss the complaint in its entirety.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/Kurt N. Lindland
    KURT N. LINDLAND
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois  60604
    (312) 353-4163
    Kurt.Lindland@usdoj.gov