UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT H. JACKSON, and LIFE FIRST, INC., an Illinois Corporation, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | No. 07 C 7216 |
| UNITED STATES OF AMERICA, James Martin, Regional Commissioner, Dennis Davis, Area Director, Vela Marshall, District manager, and other unknown employees of the Social Security Administration, ) ) ) ) ) ) ) | Judge Darrah |
| Defendants. ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO SUBSTITUTE THE UNITED STATES AND TO DISMISS**

**Introduction**

Plaintiffs Robert Jackson and Life First, Inc., collect social security benefits on behalf of their clients for a fee. They claim the Social Security Administration[1] violated the fifth amendment and, under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), engaged in tortious interference with the contractual and business relationships between plaintiffs and their clients when the SSA revoked Jackson and Life First's status as a "representative payee" such that they could no longer collect social security benefits on behalf of their clients. Their claims should be dismissed because: (1) plaintiffs have no property interest under the fifth amendment in the

---

[1] The complaint is unclear as to whether the named individual defendants are sued in their personal capacities or official capacities. To the extent they are sued in their *personal* capacity, they have not been served and the undersigned is not authorized to represent them. *See* 28 C.F.R. § 50.15. Since they were acting within the scope of their employment when the alleged actions occurred, the undersigned is authorized to represent them in their *official* capacity. The United States is substituted for the individuals under 28 U.S.C. § 2679 in regard to any common-law tort claims. *See* section 3, *infra*; Ex. 1.

SSA's decision to revoke their payee status; (2) the applicable regulations specifically bar judicial review of the agency's decision to revoke payee status; (3) plaintiffs failed to exhaust their administrative remedies under the Federal Tort Claims Act, and (4) even if they did exhaust their administrative remedies under the FTCA, tortious interference claims are barred under the FTCA.

### Facts

According to the complaint, Robert Jackson and his business entity, Life First, Inc. (collectively Life First), provide "advocacy services in the arena of Social Security benefits and entitlements" by representing social security beneficiaries by collecting their benefits on their behalf, for a fee.  Complaint, ¶¶ 14 - 18.  Under the Social Security Act, 42 U.S.C. § 1007, the agency may make benefit payments to a representative of a qualified individual who is known as a "representative payee."  Since approximately 2000, Life First has been the "designated representative payee for 80 + individual clients."  Complaint, ¶ 22.

In September 2005, the SSA audited Life First's accounts and determined that it had misappropriated approximately $259,000 paid to it on behalf of qualified individuals. Complaint, ¶ 27.  According to the complaint, on December 8, 2005, an administrative hearing was held regarding the SSA's findings during the audit.  Complaint, ¶ 33.  By letter dated December 23, 2005, SSA notified Life First of its decision following the hearing that it was upholding the audit findings, and informed Life First that it must return the misappropriated funds to the SSA.  Complaint, exhibit A.  The SSA further notified Life First by the same letter that it could no longer act as "representative payee" for its clients.[2]  Complaint exhibit A.

---

[2] Specifically, the SSA found that Life First was not authorized to charge its clients a monthly fee for its service, which Life First had been charging. Complaint, at p. 1 of exhibit A. The SSA also determined through the audit that Life First did not use an accounting system to track the

By letter dated January 21, 2006, counsel for Life First sought to file an appeal of the SSA's decision. Complaint at exhibit B. The SAA responded by letter dated February 14, 2006, stating that the decision to revoke Life First's representative payee status was not reviewable. *Id.* Nearly two years later, in December 2007, Life First filed this case seeking money damages and injunctive and declaratory relief.

## Argument

### 1. No Jurisdiction over Decision to Revoke Designated Payee Status

The regulations are clear that any decision by SSA denying a request to be made a representative payee is "not subject to administrative review" and "not subject to judicial review." 20 C.F.R. § 404.903; 42 U.S.C. § 405(j)(1)(A); *Maldonado v. Commissioner of Social Security*, 182 F. Supp. 2d 216, n. 1 (D. Puerto Rico 2002). Life First seems to concede this point by stating there is "no statutory review process available to them to challenge the legality of the actions of the Social Security Administration," yet that is exactly what Life First tries to do through this suit. Complaint, ¶ 12. Regardless, the court should dismiss Life First's claims because they seek review of the SSA's decision to revoke its representative payee status.

### 2. No Due Process Violation.

Life First tries to skirt the bar on judicial review of the SSA's decision to revoke its payee status by raising its claim under the fifth amendment.[3] Complaint, ¶ 10. "The fifth

---

financial activity of its clients, subsidiary ledgers were not used, no supporting documents were provided for disbursements made on behalf of the beneficiaries, bank reconciliations were not performed, and other deficiencies. Complaint, at p. 2 of exhibit A.

[3] Plaintiffs cite the fourteenth amendment as well as the fifth amendment in paragraph 63 of the complaint although only the fifth amendment is cited in the complaint as a basis for jurisdiction. Complaint, ¶¶ 10, 63. The fourteenth amendment applies to the *states* while the fifth amendment applies to the *federal* government. *United States v. Hook*, 471 F.3d 766, 774 n. 2 (7th Cir. 2006). Regardless, the analysis is the same such that plaintiffs have no property interest in the

amendment prohibits the federal government from depriving a person of life, liberty, or property without due process of law." *Caldwell v. Miller*, 790 F2d 589, 602 (7th Cir. 1986).  In order to determine whether a violation has occurred, the analysis is two part: (1) whether the procedural protections of the Due Process Clause are implicated, and (2) if so, what process is due.  *Id.*  Furthermore, "[t]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it.  He must have more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it."  *Board of Regents v. Roth*, 408 U.S. 564, 570-71 (1972); *Sena v. Roudebush,* 442 F. Supp. 153 (N.M. 1977).

      Here, Life First claims it has a property interest in being designated by the SSA as a representative payee.  Complaint, ¶ ¶ 10, 52 - 65.  But such a designation does not implicate the fifth amendment because it is the result of a discretionary act by the SSA, and Life First therefore has no property interest in the outcome of the SSA decision to revoke its status.  *Huggins v. Isenbarger,* 798 F.2d 203, 205 (7th Cir.1986) *quoting Scott v. Village of Kewaskum*, 786 F.2d 338, 339-40 (7th Cir. 1986); *Dave v. Ashcroft*, 363 F.3d 649, 652-53 (7th Cir. 2004)(as applied to immigration case); *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7 (1979), *citing Board of Regents*, 408 U.S. at 570-71; *Maldonado*, 182 F. Supp. 2d 216 (designation is discretionary).

      Also, even if Life First had a property interest in the designation, which it does not, any process that was due was provided when the SSA conducted an audit, notified Life First of the audit results, held an administrative hearing, then issued its decisions.  Complaint, ¶ ¶ at 27 - 39.

---

SSA's decision to revoke their status as representative payee. *Id. citing Weinberger v. Wiesenfield*, 420 U.S. 636, 638 n. 2 (1975).

That is all the process that is due under the regulations.  20 C.F.R. § 404.2050; *cf. Matthews v. Eldridge*, 424 U.S. 319 (1976) (process due to applications for benefits).

Furthermore, if Life First claims it has a property interest in the claimants' benefits, Life First is wrong because it has only a fiduciary responsibility to those claimants, 42 U.S.C. 405(j)(2)(A), and no statutory entitlement to the benefits.  *See Goldberg v. Kelly*, 397 U.S. 254, 262 (1970).  Regardless, Life First can point to no property or liberty interest that is protected by the fifth amendment when the SSA revoked its designation as a representative payee, and whatever process was due was in fact provided.  Therefore, Life First's constitutional claims should be dismissed.

### 3. The United States Is the Only Proper Defendant under the FTCA

As an alternative to the fifth amendment, Life First cites the Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2671-2680, ("FTCA") as a basis for its claims, including its tortious interference[4] with contract and business relation claims, seeking money damages.  Complaint, ¶¶ 10, 11, 66 - 95.  The FTCA is the exclusive remedy for claims resulting from tortious acts committed by employees of the federal government while acting within the scope of their employment.  *See* 28 U.S.C. § 2679(b); *United States v. Smith*, 499 U.S. 160, 165-166 (1991); *Apampa v. Layng*, 157 F.3d 1103, 1104 (7th Cir. 1998).  This statute has been uniformly held to bar suits against employees of the United States in their individual capacity for common-law tort

---

[4] Life First's tortious interference claims are probably not tort claims and instead are contract claims. Complaint, & 62 - 65; *Rardin v. T & D Mach. Handling, Inc.*, 890 F.2d 24, 28 (7th Cir. 1989); *Midwest Knitting Mills, Inc. v. United States*, 950 F.2d 1295, 1300 (7th Cir. 1991).  Contract claims can only be heard by the Court of Federal Claims under the Tucker Act, not federal district court.  *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *Midwest Knitting Mills, Inc.,* 950 F.2d 1295, 1301 (7th Cir. 1991)(Court of Federal Claims has exclusive jurisdiction over claims against government for contract damages exceeding $10,000).

claims arising in the scope of their employment. *Sullivan v. United States*, 21 F.3d 198, 200 (7th Cir. 1994).

In this case, pursuant to the provisions of 28 C.F.R. § 15.3, the Attorney General's delegate has certified that defendants James Martin, Dennis Davis, and Vela Marshall were acting within the scope of their employment at the Social Security Administration at all times relevant to the allegations set forth in plaintiff's complaint. Exhibit 1. Therefore, if Life First's tortious interference claims are construed as common-law tort claims, and to the extent any other claims are construed as tort claims, the United States is substituted as the defendant (§ 2679) in lieu of defendants Martin, Davis, and Marshall.

### 3. No FTCA Jurisdiction.

The court lacks jurisdiction over Life Firsts' tort claims because plaintiffs are required by the FTCA to exhaust their administrative remedies in accordance with 28 U.S.C. § 2675(a) before bringing a district court complaint. *Sullivan v. United States*, 21 F.3d 198, 206 (7th Cir. 1994); *McNeil v. United States*, 508 U.S. 106, 110-111, 113 (1993). Here, neither Jackson nor his company, Life First, Inc., has even presented an administrative tort claim to the SSA, much less exhausted their administrative remedies. Exhibit 2, Declaration of John A. Carlo. *See National Transportation Union v. Gateway Western Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996)(court may consider evidence outside the pleadings in order to determine whether it has subject matter jurisdiction).

Besides, even if Life First exhausted its administrative remedies, which it did not, torts such as tortious interference with contracts and busniess relationships are specifically barred by the FTCA. 28 U.S.C. § 2680(h)(referring specifically to claims arising out of misrepresentation,

deceit, or interference with contract rights); *Hamrick v. Franklin,* 931 F.2d 1209, 1212 (7th Cir. 1991).

## Conclusion

For the foregoing reasons, the court should dismiss the complaint in its entirety.

          Respectfully submitted,

          PATRICK J. FITZGERALD
          United States Attorney

          By: s/Kurt N. Lindland
              KURT N. LINDLAND
              Assistant United States Attorney
              219 South Dearborn Street
              Chicago, Illinois 60604
              (312) 353-4163
              kurt.lindland@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following documents:

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO SUBSTITUTE THE UNITED STATES AND TO DISMISS**

were served on March 12, 2008, in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing pursuant to the district court's Electronic Case Filing (ECF) system as to ECF filers.

s/ Kurt N. Lindland
KURT N. LINDLAND
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-4163
