UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT H. JACKSON, and LIFE FIRST, INC., an Illinois Corporation, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 07 C 7216 |
| UNITED STATES OF AMERICA, James Martin, Regional Commissioner, Dennis Davis, Area Director, Vela Marshall, District manager, and other unknown employees of the Social Security Administration, | ) ) ) ) ) ) ) | Judge Darrah |
| Defendants. | ) | |

**REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO SUBSTITUTE THE UNITED STATES AND TO DISMISS**

**Introduction**

Life First argues that while there is no judicial review of the SSA's decision to deny a *request* to be made a representative payee, once the SSA designates a person as a payee, a property interest somehow attaches to that designation such that judicial review is allowed under the fifth amendment if the SSA revokes that designation. That argument is wrong because the regulations provide that SSA alone may stop sending benefit checks to a representative payee if it learns the payee is not in compliance with the regulations, or if a beneficiary's interest is not served by sending payment to the representative payee. In fact, the regulations mirror the express language of the Social Security Act. And the statutory authority for representative payment (of disability benefits) expressly provides administrative and judicial review *only to beneficiaries* who are dissatisfied with certain representative payment determinations. 42 U.S.C. §§ 405(j)(1)(E)(i), 1383(a)(2)(A)(xi). Therefore, Life First's claim that judicial review must be

available for them and for every administrative action (*see* Pl.'s Br. at 5) ignores the statutory limitations of judicial review, as well as case law discussing judicial review under the Social Security Act.

Furthermore, Life First's claim that the court has jurisdiction under *Bivens* to review claims against federal employees in their official capacity is wrong since: (1) the actions complained of were taken by federal employees within the scope of their employment; and (2) *Bivens* claims can only be heard against federal employees in their *personal* capacity, not their *official* capacity. Regardless, Life First has no property interest in the SSA's discretionary decision to revoke or suspend their status as representative payee. And as Life First's response makes clear, they failed to exhaust their administrative remedies under the FTCA. Accordingly, their FTCA claims should also be dismissed.

## Argument

### 1. No Jurisdiction over Decision to Revoke Designated Payee Status

Life First argues that the distinction between *requesting* to be made a representative payee on the one hand, and *disqualifying* a person who has already been made such a payee on the other hand, saves their case. Pl.'s Br. at 5 - 6. According to Life First, once the SSA allowed them to act as representative payee, the agency created a property interest for purposes of the fifth amendment.

The distinction Life First draws is irrelevant since the regulations not only bar review of an agency decision to grant a *request* to be a representative payee, but, by analogy, *disqualification* of someone as representative payee. 20 C.F.R. §§ 404.903, 416.1403 ("Administrative determinations that are not initial determinations may be reviewed by us, but they are not subject to the administrative review process provided by this subpart and they are

not subject to judicial review.  These actions include, but are not limited to, an action . . . (c) Denying a request to be made a representative payee . . . .")  The representative payee regulations underscore that *qualifying* or *disqualifying* someone as a representative payee is discretionary.  20 C.F.R. §§ 404.2050, 416.650 ("When we learn that your interest is not served by sending your benefit payment to your present representative payee ... we will promptly stop sending your payment to the payee.  We will then send your benefit payment to an alternative payee or directly to you, until we find a suitable payee."); *see also Kriegbaum v. Katz*, 909 F.2d 70, 74 (2nd Cir. 1990)("the Social Security Administration alone has the power to enforce the duties of a representative payee through the appointment of a new payee when the current payee 'has not used the benefit payments on the beneficiary's behalf in accordance with the guidelines.'") (citing 20 C.F.R. § 404.2050).*Guzman v. Commissioner of Social Security*, 182 F. Supp. 2d 216, 219 (D. Puerto Rico 2002)(Representative payee designation is discretionary).

The statutory authority for representative payment, relevant to disability benefits, provides administrative and judicial review *only to beneficiaries* of certain representative payee determinations — if they are "dissatisfied with a determination by the Commissioner of Social Security to certify payment of such individual's benefit to a representative payee . . . or with the designation of a particular person to serve as representative payee," 42 U.S.C. §§ 405(j)(1)(E)(i), 1383(a)(2)(A)(xi); *see also* 20 C.F.R. §§ 404.2030(b), 416.630(b).  Life Firsts' suggestion that judicial review must be available for them and for every administrative action (*see* Pl.'s Br. at 5), accordingly, ignores the bar on judicial review of representative payment determinations, as well as long-standing case law discussing judicial review under the Social Security Act.  *See, e.g., Califano v. Sanders* 430 U.S. 99, 108 (1977) (no judicial review of a denial of reopening); *Damato v. Sullivan*, 945 F.2d 982, 988 (7th Cir. 1992) (Appeals Council denial of review not

reviewable).

The Social Security Act authorizes judicial review of a "final decision of the Commissioner of Social Security after a hearing." 42 U.S.C. § 405(g); *see also* 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or government agency except as herein provided.") The Commissioner is authorized to determine by regulation what constitutes a reviewable "final decision." *Weinberger v. Salfi*, 422 U.S. 749, 776 (1975). The Commissioner has not provided for review of representative payment determinations by non-beneficiaries, and Life First provides no authority to the contrary.

Here, according to the complaint, during the audit in September 2005, the SSA discovered evidence that Life First had misappropriated approximately $259,000 paid to it on behalf of qualified individuals. Complaint, ¶ 27. Therefore, under 20 C.F.R. § 416.650, the SSA disqualified Life First as a representative payee. Since there is no judicial review of that decision, Life First's claims should therefore be dismissed for lack of jurisdiction.

**2. No Due Process Violation.**

Life First argues that despite the bar on judicial review, they acquired a property interest, for purposes of the fifth amendment, when they were "certified" as representative payees. Pl.'s Br. at 7. Life First places undue emphasis upon any such certification. Rather, a person, such as Life First, simply "requests to be made a representative payee." 20 C.F.R. §§ 404.903(c), 416.1403(c). Life First's claims regarding "certification" are irrelevant.

Besides, Life First does not have a "legitimate claim of entitlement" to the SSA's decision to either approve their request to be a representative payee or the SSA's decision to disqualify them as a payee. *Board of Regents v. Roth*, 408 U.S. 564, 570-71 (1972); *see also*

*Maldonado Guzman v. Commissioner of Social Security*, 182 F. Supp. 2d 216, 219 (D. Puerto Rico 2002) (designation is discretionary). Those decisions are clearly discretionary such that Life First had no property interest in the outcome of those decisions. *Huggins v. Isenbarger,* 798 F.2d 203, 205 (7th Cir.1986), *quoting Scott v. Village of Kewaskum*, 786 F.2d 338, 339-40 (7th Cir. 1986); *Dave v. Ashcroft*, 363 F.3d 649, 652-53 (7th Cir. 2004) (as applied to immigration case); *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7 (1979), *citing Board of Regents*, 408 U.S. at 570 - 577.

### 3. The United States Is the Only Proper Defendant under the FTCA

Life First argues that the United States should not be substituted as the only proper party defendant. Pl.'s Br. at 8. On March 19, 2008, the court granted the defendants' motion to substitute the United States as the only proper defendant and Life First did not seek reconsideration, nor did it file a Rule 60 motion. Dkt. No. 14.

Even if the court had not already granted that motion, Life First's claims are, according to the complaint, against the SSA and the individually named defendants in their official capacities. Complaint, ¶ 19. The actions complained of were certified by the Attorney General's designee as occurring within the scope of employment of the federal employees (which is also apparent from the complaint.) Ex. 1; Complaint, ¶ ¶ 20 - 42. Therefore, any claims arising in tort can only be heard under the FTCA, 28 U.S.C. § 2679(b), against the United States. *United States v. Smith*, 499 U.S. 160, 165-166 (1991); *Apampa v. Layng*, 157 F.3d 1103, 1104 (7th Cir. 1998); *Sullivan v. United States*, 21 F.3d 198, 200 (7th Cir. 1994).

Life First also argues that the actions taken by the federal employees in their official capacities are subject to claims under *Bivens* even though such claims can only be brought against federal employees in their *personal* capacities, not in their official capacities. *FDIC v.*

5

*Meyer*, 510 U.S. 471, 484-86 (1994); *Kaba v. Stepp*, 458 F.3d 678, 687 (7th Cir. 2006).

No personal capacity claims are alleged in the complaint, or in Life First's response to this motion. In fact, as cited above, the claims are made against the individual defendants in their "official capacity." Complaint, ¶ ¶ 19, 37 - 39; Pl.'s Br. at 8. Besides, the individual defendants have not even been served and therefore, the court may *sua sponte*[1], dismiss any claims against them in their personal capacities for failure to serve them under Rule 4, Fed. R. Civ. P.

### 4. No FTCA Jurisdiction.

Life First argues, without support, that it does not have to exhaust its administrative remedies because it would be "futile" to file such a claim. Pl.'s Br. at 9 - 10. Life First provides no legal support for that claim. To the contrary, as the Supreme Court and the Seventh Circuit have held, 28 U.S.C. § 2675(a) specifically bars an FTCA claim if the claim has not first been properly presented to the agency. *Sullivan v. United States*, 21 F.3d 198, 206 (7th Cir. 1994); *McNeil v. United States*, 508 U.S. 106, 110-111, 113 (1993). Also, an FTCA claim must be filed on a Form 95, or other written notification of an incident, "accompanied by a claim for money damages in a sum certain" for an injury that allegedly occurred from the complained of incident. 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2(a); *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003).

Here, Life First seems to both concede, on one hand, that it has not presented an FTCA claim (by arguing that it would have been futile to submit such a claim), and argue, on the other hand, that it did submit such a claim through some unidentified notification or filing. Pl.'s Br. at

---

[1] The undersigned is not authorized to represent the individual defendants in their personal capacities.

9. No such claim has been filed and even if it had, there is no exhaustion until the agency makes a decision on the claim, or six months passes after the claim is submitted. 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2(a); *Palay*, 349 F.3d at 425 . In this case, there is no record of a claim being submitted, or record of an SSA decision; nor is there a basis to determine whether six months has elapsed from the date the alleged claim was filed. Therefore the court lacks jurisdiction over Life First's FTCA claim[2].

## Conclusion

For the foregoing reasons, the court should dismiss the complaint in its entirety.

                                    Respectfully submitted,

                                    PATRICK J. FITZGERALD
                                  United States Attorney

                              By: s/Kurt N. Lindland
                                  KURT N. LINDLAND
                                  Assistant United States Attorney
                                  219 South Dearborn Street
                                  Chicago, Illinois 60604
                                  (312) 353-4163
                                  kurt.lindland@usdoj.gov

---

[2] Besides, even if Life First exhausted its administrative remedies, which it did not, torts such as tortious interference with contracts and business relationships are specifically barred by the FTCA. 28 U.S.C. § 2680(h)(referring specifically to claims arising out of misrepresentation, deceit, or interference with contract rights); *Hamrick v. Franklin,* 931 F.2d 1209, 1212 (7th Cir. 1991).

**CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that the following documents:

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO SUBSTITUTE THE UNITED STATES AND TO DISMISS**

were served on May 14, 2008, in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing pursuant to the district court's Electronic Case Filing (ECF) system as to ECF filers.

s/ Kurt N. Lindland
KURT N. LINDLAND
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-4163